UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 7650

DEANNA MCBREARTY and MARYLYNN HARTSEL, individually, derivatively and on behalf of all others similarly situated,

Plaintiffs,

- against -

THE VANGUARD GROUP, INC., GEORGE U. SAUTER, DUANE F. KELLY, JOHN J. BRENNAN, CHARLES D. ELLIS, RAJIV L. GUPTA, AMY GUTMANN, JOANN HEFFERNAN HEISEN, ANDRE F. PEROLD, ALFRED M. RANKIN, JR., and J. LAWRENCE WILSON, ACADIAN ASSET MANAGEMENT, LLC, RONALD D. FRASHURE, JOHN R. CHISHOLM, BRIAN K. WOLAHAN, ALLIANCEBERNSTEIN LP, HENRY S. D'AURIA, SHARON E. FAY, KEVIN F. SIMMS, MARATHON ASSET MANAGEMENT, LLP, WILLIAM J. ARAH, JEREMY H. HOSKING, and NEIL M. OSTRER,

Defendants,

- and -

VANGUARD INTERNATIONAL EQUITY INDEX FUNDS, d/b/a VANGUARD EUROPEAN STOCK INDEX FUND, and VANGUARD HORIZON FUNDS, d/b/a VANGUARD GLOBAL EQUITY FUND

Nominal Defendants

**VERIFIED CLASS ACTION AND DERIVATIVE COMPLAINT AND JURY DEMAND**



Plaintiffs allege:

## OVERVIEW

1.     This lawsuit arises from criminal acts committed by the defendants ("Defendants") when they unlawfully invested money entrusted to them by the plaintiffs ("Plaintiffs") in illegal gambling businesses. These unlawful investments suffered significant losses when the government began arresting principals of the gambling enterprises during a law enforcement crackdown beginning in 2006.

---

2.     Each Plaintiff is a shareholder in one or more of the nominal defendants: (a) Vanguard International Equity Index Funds, doing business as Vanguard European Stock Index Fund ("Vanguard European") and (b) Vanguard Horizon Funds, doing business as Vanguard Global Equity Fund ("Vanguard Global") (collectively, the "Vanguard Funds").

3.     Each of the Vanguard Funds illegally invested in one or more entities whose primary businesses constituted illegal gambling under both federal law and the law of one or more of the United States. The market value of those investments plummeted when law enforcement officials began arresting principals of, and otherwise targeting for prosecution, the illegal gambling businesses. That, in turn, resulted in injury to investors like Plaintiffs who had invested in the Vanguard Funds because the value of their investments in the mutual funds is based on the net asset value of each mutual funds' portfolio.

4.     Defendants are the individuals and entities responsible for causing the Vanguard Funds to make the illegal investments that led to Plaintiffs' injuries.

5.     Plaintiffs assert claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"), as well as common law claims for breach of fiduciary duty and negligence.

6.     Defendants, each of whom is a person or entity employed by or associated with one or more of the Vanguard Funds, conducted the affairs of the funds through a pattern of racketeering. Specifically, each of the Defendants knowingly developed and implemented (or conspired to develop and implement) an investment strategy pursuant to which the Vanguard Funds were caused repeatedly and over a significant period of time to purchase shares in "illegal gambling businesses" as that term is used in 18 U.S.C. § 1955, which makes it a felony to "own all or part of an illegal gambling business." By causing the Vanguard Funds to purchase stock in illegal gambling

businesses, Defendants caused the funds to become owners of illegal gambling businesses and thereby to violate 18 U.S.C. § 1955.

7.    A violation of 18 U.S.C. § 1955 is a predicate crime under RICO. 18 U.S.C. § 1961(1)(B). Thus, by causing the funds to purchase stock of illegal gambling businesses repeatedly and over a significant period of time, Defendants conducted the affairs of the Vanguard Funds through a pattern of racketeering in violation of 18 U.S.C. § 1962(c). They also conspired to violate 18 U.S.C. §1962(c) within the meaning of 18 U.S.C. § 1962(d).

8.    In addition to violating RICO, Defendants breached their common law fiduciary duties and their duty of care to the shareholders who invested in the Vanguard Funds. Accordingly, Plaintiffs also assert common law claims for breach of fiduciary duty and negligence.

9.    Because Defendants' wrongdoing injured numerous investors in each of the Vanguard Funds in exactly the same way, this action is brought as a class action.

10.    Moreover, because Defendants' unlawful conduct injured the Vanguard Funds themselves, Plaintiffs have named the Vanguard Funds as Nominal Defendants, and Plaintiffs assert derivative claims on behalf of the Vanguard Funds.

### THE PARTIES

**Plaintiffs**

11.    At all times relevant to this action, Plaintiff Deanna McBrearty ("McBrearty") was a resident of New York, New York. Through her personal Individual Retirement Account, she first purchased shares in Vanguard European on or about May 20, 2005 for investment purposes.

12.    McBrearty seeks to represent a subclass of investors in Vanguard European (the "Vanguard European Plaintiff Subclass") who purchased their shares during the Class Period. McBrearty also sues derivatively on behalf of Vanguard European.

---

13.     At all times relevant to this action, Plaintiff Marylynn Hartsel ("Hartsel") was a resident of Boca Raton, Florida. She purchased shares in Vanguard Global prior to July 1, 2006 for investment purposes.

14.     Hartsel seeks to represent a subclass of investors in Vanguard Global (the "Vanguard Global Plaintiff Subclass") who purchased their shares during the Class Period. Hartsel also sues derivatively on behalf of Vanguard Global.

**Nominal Defendants**

15.     Nominal Defendant Vanguard European is a statutory trust organized under the laws of the State of Delaware. It has a principal place of business c/o The Vanguard Group, 455 Devon Park Drive, Wayne, PA 19087-1815.

16.     Nominal Defendant Vanguard Global is a statutory trust organized under the laws of the State of Delaware. It has a principal place of business c/o The Vanguard Group, 455 Devon Park Drive, Wayne, PA 19087-1815.

**Defendants**

17.     Defendant The Vanguard Group, Inc. ("Vanguard") is an investment management company. Vanguard serves as investment adviser to dozens of investment companies, including each of the Vanguard Funds named as Nominal Defendants. Vanguard is organized under the laws of the State of Pennsylvania and maintains its principal place of business at 100 Vanguard Boulevard, V26, Malvern, PA 19355.

18.     Vanguard provides its investment advisory services to Vanguard European through a division it calls the Vanguard Quantitative Equity Group ("VQEG").

19.     Defendant George U. Sauter is the Chief Investment Officer and Managing Director of Vanguard and oversees VQEG. He was the senior executive of Vanguard responsible for

developing the investment strategy complained of herein on behalf of each of the Vanguard Funds. Through his position at Vanguard, Sauter is also the Chief Investment Officer of each of the Vanguard Funds.

20.      Defendant Duane F. Kelly is a principal of Vanguard. He is the portfolio manager primarily responsible for the day-to-day management of Vanguard European. He was the person primarily responsible for implementing the investment strategy complained of herein on behalf of Vanguard European. Through his position with Vanguard, Kelly also exercised operational or managerial oversight over the portfolio holdings of Vanguard Global. Kelly also exercised operational or managerial responsibility for implementing the investment strategy of Vanguard Global.

21.      Defendants Sauter and Kelly are referred to herein collectively as the "Investment Executives."

22.      Defendants John J. Brennan, Charles D. Ellis, Rajiv L. Gupta, Amy Gutmann, JoAnn Heffernan Heisen, Andre F. Perold, Alfred M. Rankin, Jr., and J. Lawrence Wilson (collectively, the "Trustees") are members of the boards of trustees of the Vanguard Funds as well as other investment companies owned and controlled by Vanguard. Each of the Trustees allowed one or more of the Vanguard Funds to invest or continue their respective investments in illegal gambling businesses. Each of the Trustees had a fiduciary duty to act in the best interests of the shareholders of the Fund of which he or she served as a trustee. To an even greater degree than the directors of corporations that are not mutual funds, the trustees or directors of mutual funds are responsible for protecting the funds they serve under a unique watchdog role.

23.     In addition to his responsibilities as a trustee of each of the Vanguard Funds, defendant Brennan served as the Chairman of the Board and Chief Executive Officer of each of the Vanguard Funds since at least 1987.

24.     In addition to the foregoing defendants Vanguard, Sauter, Kelly and the Trustees (collectively, the "Vanguard European Defendants"), Vanguard Global is also managed, operated or controlled by the defendants described in the following paragraphs.

25.     Defendant Acadian Asset Management, LLC ("Acadian"), provides investment advisory services to Vanguard Global and exercised managerial or operational oversight concerning Vanguard Global's investments during all relevant time periods. Acadian is organized under the laws of the State of Delaware and maintains its principal place of business at One Post Office Square, Boston, MA 02109.

26.     Defendants Ronald D. Frashure ("Frashure"), John R. Chisholm ("Chisholm") and Brian K. Wolahan ("Wolahan") are portfolio managers who were responsible for certain investment decisions of Vanguard Global during all relevant times. Frashure is the President and Co-Chief Investment Officer of Acadian. Chisholm is Executive Vice-President and Co-Chief Investment Officer of Acadian. Wolahan is Senior Vice-President and Co-Director of Research of Acadian. The Vanguard Website describes the investment management structure of Vanguard Global and lists Frashure, Chisholm and Wolahan as responsible portfolio managers advising Vanguard Global since at least 2004. Through their positions with Acadian, Frashure, Chisholm and Wolahan exercised operational or managerial oversight over the portfolio holdings of Vanguard Global. Upon information and belief, they were responsible for implementing the investment strategy complained of herein on behalf of Vanguard Global.

27.     Defendant AllianceBernstein LP ("AllianceBernstein") provides investment advisory services to Vanguard Global and exercised managerial or operational oversight concerning Vanguard Global's investments since at least April 2006. AllianceBernstein is organized under the laws of the State of Delaware and maintains its principal place of business at 1345 Avenue of the Americas, New York, NY 10019.

28.     Defendants Henry S. D'Auria ("D'Auria"), Sharon E. Fay ("Fay") and Kevin F. Simms ("Simms") are portfolio managers who were responsible for certain investment decisions of Vanguard Global. D'Auria is the Co-Chief Investment Officer of Value Equities and Chief Investment Officer of Emerging Markets at AllianceBernstein. Fay is Executive Vice-President, Chief Investment Officer of Global Value Equities, and Chairperson of the Global Value Investment Policy Group at AllianceBernstein. Simms is Co-Chief Investment Officer of International Value Equities and Director of Research, Global & International Equities at AllianceBernstein. The Vanguard Website describes the investment management structure of Vanguard Global and lists D'Auria, Fay and Simms as responsible portfolio managers advising Vanguard Global since at least 2006. Through their positions with AllianceBernstein, D'Auria, Fay and Simms exercised operational or managerial oversight over the portfolio holdings of Vanguard Global. Upon information and belief, they were responsible for implementing the investment strategy complained of herein on behalf of Vanguard Global.

29.     Defendant Marathon Asset Management, LLP, doing business in the United States as Marathon-London ("Marathon"), provides investment advisory services to Vanguard Global and exercised managerial or operational oversight concerning Vanguard Global's investments since at least April 2006. Marathon is organized under the laws of the United Kingdom and maintains an office at 118 North Bedford Road, Suite 202, Mt. Kisco, NY 10549.

30.     Defendants William J. Arah ("Arah"), Jeremy H. Hosking ("Hosking") and Neil M. Ostrer ("Ostrer") are portfolio managers who were responsible for certain investment decisions of Vanguard Global. Arah, Hosking and Ostrer are Investment Directors of Marathon. The Vanguard Website describes the investment management structure of Vanguard Global and lists Arah, Hosking and Ostrer as responsible portfolio managers advising Vanguard Global since at least 1995. Through their positions with Marathon, Arah, Hosking and Ostrer exercised operational or managerial oversight over the portfolio holdings of Vanguard Global. Upon information and belief, they were responsible for implementing the investment strategy complained of herein on behalf of Vanguard Global

31.     Defendants Acadian, Frashure, Chisholm, Wolahan, AllianceBernstein, D'Auria, Fay, Simms, Marathon, Arah, Hosking and Ostrer, with the Vanguard European Defendants, are collectively referred to herein as the "Vanguard Global Defendants" or "Defendants."

### JURISDICTION AND VENUE

32.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1337 (commerce regulation) and 1367(a) (supplemental jurisdiction) and 18 U.S.C. § 1964 (RICO).

33.     Venue is proper in this district pursuant to 28 U S.C. § 1391 and 18 U.S.C. § 1965 (RICO) because some of the acts and practices complained of herein occurred in substantial part within this district and because one or more Defendants reside, has an agent, or transacts their affairs within this district.

34.     In connection with the acts and omissions alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

including without limitation, the mails, interstate telephone communications, the Internet, and the facilities of the national securities markets and exchanges.

### FACTS COMMON TO ALL CLAIMS

35. Each of the Defendants is a person employed by or associated with one or more of the Vanguard Funds.

36. Each of the Defendants had operational or managerial control over one or more of the Vanguard Funds.

37. Each of the Defendants knowingly developed and implemented (or conspired to develop and implement) an investment strategy pursuant to which the Vanguard Funds were caused – repeatedly and over a significant period of time – to purchase shares in "illegal gambling businesses" as that term is used in 18 U.S.C. § 1955. By causing the Vanguard Funds to purchase stock in illegal gambling businesses, Defendants caused the funds to become owners of illegal gambling businesses in violation of 18 U.S.C. § 1955.

38. Each of the Defendants agreed to cause, and participated in a scheme to cause, the Vanguard Funds to purchase stock in one or more illegal gambling businesses.

39. Pursuant to the foregoing agreement and scheme, one or more of the Defendants did in fact cause each of the Vanguard Funds, repeatedly and over a significant period of time or in an open-ended scheme, to purchase stock in one or more illegal gambling businesses which were illegal under federal law and the laws of one or more of the United States.

40. Vanguard European is an open-ended investment company whose activities affect interstate or foreign commerce.

41. Vanguard European is an enterprise within the meaning of RICO.

42. Vanguard Global is an open-ended investment company whose activities affect interstate or foreign commerce.

43. Vanguard Global is an enterprise within the meaning of RICO.

44. Section 1955 of Title 18 makes it unlawful to "finance … or own all or part of an illegal gambling business."

45. One who purchases stock of a gambling business finances and becomes a part owner of such business. Thus, every time each of the Vanguard Funds purchased stock of an illegal gambling business, that fund violated Section 1955 of the Criminal Code.

46. Defendants caused the Vanguard Funds repeatedly to violate 18 U.S.C. § 1955 within a ten-year period by causing the Vanguard Funds to purchase shares of "illegal gambling business[es]" within the meaning of § 1955.

47. In causing the Vanguard Funds to purchase stock of one or more illegal gambling businesses, each of the Defendants exercised operational or managerial control over the Vanguard Funds.

48. At the time Defendants caused the Vanguard Funds to purchase stock in illegal gambling companies, such companies were illegal gambling businesses because the business of each of the gambling companies (a) violated the laws of one or more of the United States; (b) involved five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and (c) had been or remained in substantially continuous operation for a period in excess of thirty days or had a gross revenue of $2,000 in any single day.

49. Defendants' activities causing the Vanguard Funds to make investments in illegal gambling businesses constituted an open-ended, continuous pattern of racketeering activity under 28 U.S.C. § 1962(c).

---

50.    Defendants conducted or caused to be conducted, or were reckless in failing to conduct or to cause to be conducted, due diligence before the Vanguard Funds purchased stock in any gambling business. Accordingly, Defendants each knew, or is deemed to have known, that the businesses were engaged in illegal gambling activities.

51.    In or about 2006, federal and state law enforcement agencies began a crackdown on illegal gambling businesses such as those in which Defendants had caused the Vanguard Funds to invest. As a result, the stock prices of all such illegal gambling businesses fell substantially.

52.    As a proximate result of Defendants' acts in causing the Vanguard Funds to invest in illegal gambling businesses, Plaintiffs were injured.

53.    Each purchase of shares of a gambling company caused the respective Vanguard Fund to own part of an illegal gambling business.

54.    Each purchase of shares of a gambling company caused the respective Vanguard Fund to finance an illegal gambling business.

55.    In addition to conducting or participating in the conduct of the Vanguard Funds' activities through a pattern of racketeering, Defendants also agreed and conspired to violate 18 U.S.C. § 1962(c) by conducting or participating in the conduct of the affairs of the Vanguard Funds through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(d). Specifically:

a.    Defendants agreed to cause the Vanguard Funds to invest in illegal gambling businesses.

b.    In furtherance of such conspiracy, Defendants caused the Vanguard Funds to make investments in one or more illegal gambling businesses.

56.     Each of the Plaintiffs has been injured in his or her business or property through Defendants' violation of 18 U.S.C. § 1962.

57.     Plaintiffs' injuries were proximately caused by Defendants' racketeering activities and the overt acts taken in furtherance of Defendants' racketeering conspiracy.

58.     Plaintiffs' injuries were the foreseeable, direct and natural consequence of unlawful investments in illegal gambling businesses.

59.     Defendants' actions breached their fiduciary duties to the Vanguard Funds.

60.     Defendants' actions also breached their fiduciary duties to each of the shareholders of the Vanguard Funds.

61.     Defendants' actions also constituted negligence in that they breached a duty of care owed to the Vanguard Funds.

62.     Defendants' actions also constituted negligence in that they breached a duty of care owed to each of the shareholders of the Vanguard Funds.

63.     Each of the Plaintiffs has been injured as a result of Defendants' breaches of fiduciary duties and negligence.

64.     Each of the Nominal Defendants has been injured as a result of Defendants' racketeering, breach of fiduciary duty and negligence.

### ALLEGATIONS COMMON TO ALL DERIVATIVE CLAIMS

65.     With respect to all derivative claims alleged herein, no demand for relief has been made because:

a.      a majority of Trustees have disabling interests and lack independence because they are accused herein of criminal and civil wrongs; and

        b.      any demand would be futile because granting such demand would be tantamount to an admission of criminal liability and substantial civil liability by the Trustees.

66.      To an even greater degree than directors of ordinary corporations, mutual fund directors, including Trustees herein, are responsible for protecting the Funds' investors under a unique watchdog role. Thus, each of the Trustees had a special duty to ensure that the Vanguard Funds over which they served a watchdog role did not invest in illegal gambling businesses.

67.      Trustees also had a duty to ensure that the Funds had proper control mechanisms to ensure that they did not make any investments in any illegal gambling businesses.

68.      As part of its role as investment adviser, Vanguard selects the persons who serve on the Vanguard Funds' board of trustees, including Trustees herein. Accordingly, the relationship between the Trustees and Vanguard is fraught with conflicts of interest. Because a demand in this case would require the Trustees to cause the Funds to sue Vanguard and the Trustees, the Trustees are inherently conflicted from exercising independent and disinterested business judgment.

69.      Pre-suit demand upon the Trustees would have been futile because the Trustees of each of Vanguard European and Vanguard Global could not have properly exercised his or her independent and disinterested business judgment in responding to a demand. Not only were they exposed to civil and criminal liability, but the relationship between the Trustees, the Funds and Vanguard creates a potential conflict of interest that creates a strong presumption against board independence and disinterest.

70.      The majority of the Boards of Trustees for each of the Funds has a disabling interest and lack independence as set forth above.

71.    The Trustees have served as trustees of each of the Vanguard Funds since at least 2001 with the exceptions of defendants Guttman and Perold, who have served as trustees of each of the Vanguard Funds since 2006 and 2004, respectively. Accordingly, the Trustees served on the Boards of Trustees of each of the Vanguard Funds during the time that Defendants caused each of the Vanguard Funds to invest in the illegal gambling entities (with the exception of certain investments made before defendant Guttman began serving as trustee to the Vanguard Funds in 2006).

72.    The Trustees constituted the entirety of the boards of trustees of each of the Vanguard Funds at the time of the wrongdoing alleged herein, and they constitute eight of the nine trustees of the Vanguard Funds at the present time.

73.    The Trustees also serve on the boards of other investment companies, that are not parties to this case, that own an interest in Vanguard.

74.    The Trustees each face a substantial threat of personal civil and criminal liability for causing, allowing for, or permitting the investments in illegal gambling businesses.

75.    The boards of trustees of each of the Vanguard Funds lack the capacity to make independent and disinterested business judgments in deciding whether to sue Vanguard, the Investment Executives and themselves for the criminal activity alleged herein.

76.    Each Plaintiff was a shareholder of the respective Vanguard Fund in which he or she invested at the time of the transactions of which he or she complains.

77.    Each Plaintiff is still a shareholder in the respective Vanguard Fund in which he or she invested.

78.    This action is not a collusive one to confer jurisdiction on this Court which it would not otherwise have.

---

79.     Each plaintiff will fairly and adequately represent the interests of the shareholders of the respective Vanguard Funds in which he or she invested.

80.     With respect to all derivative claims alleged herein, no effort has been made to obtain the desired action from the trustees of the Vanguard Funds because (a) there are no disinterested trustees and (b) any such efforts would be futile because granting such action would be tantamount to an admission of criminal liability and substantial civil liability by the trustees.

### CLASS ALLEGATIONS

81.     Plaintiffs seek to represent a class of investors in any of the Vanguard Funds who purchased one or more shares in the Vanguard Funds prior to July 17, 2006 (the "Class Period") and who still held such shares after July 17, 2006 (the "Class").

82.     Excluded from the Class are Defendants, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.

83.     McBrearty also brings this action pursuant to Fed. R. Civ. P. 23(c)(5) on behalf of a subclass consisting of all persons or entities that purchased or held one or more shares or other ownership units of Vanguard European prior to July 17, 2006 and who still held such shares after July 17, 2006 (the "Vanguard European Subclass").

84.     Hartsel also brings this action pursuant to Fed. R. Civ. P. 23(c)(5) on behalf of a subclass consisting of all persons or entities that purchased or held one or more shares or other ownership units of Vanguard Global prior to July 17, 2006 and who still held such shares after July 17, 2006 (the "Vanguard Global Subclass").

85.     The requirements of Fed. R. Civ. P. 23(a) are met because:

---

a. The members of the Class, and each of the members of the Vanguard European Subclass and the Vanguard Global Subclass, are so numerous that joinder of all members is impracticable.

b. There are questions of law and fact common to the Class and to each of the subclasses, including whether:

     i. Defendants' acts and conduct as alleged herein violated RICO;

     ii. Defendants breached their fiduciary and other duties to Plaintiffs;

     iii. Defendants committed negligence;

     iv. Defendants' wrongful conduct proximately caused injury to Plaintiffs; and

     v. Defendants are required to forfeit all fees, commissions or other profits received from the time they first violated their fiduciary duties to Plaintiffs.

c. Each of Plaintiffs' claims are typical of the claims of the members of the Class and subclass he or she seeks to represent because all members of the Class and subclass were injured by Defendants' wrongful conduct in exactly the same way.

d. Plaintiffs will fairly and adequately protect the interests of the Class and each of their respective subclasses because Plaintiffs' attorneys are qualified, experienced, and generally able to conduct the proposed litigation. Moreover, Plaintiffs individually and collectively have no interests antagonistic to those of the Class or any subclass.

86.     The requirements of Fed. R. Civ. P. 23(b)(3) are met because:

a.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because:

i.      The class members' individual interests are small, such that they would have no interest in individually controlling the prosecution of separate actions;

ii.     No other litigation concerning this controversy has been commenced;

iii.    It would be desirable to concentrate the litigation of these claims in this forum; and

iv.     It is unlikely that there will be significant difficulties in managing this case as a class action.

### FIRST CLAIM FOR RELIEF
### (INDIVIDUAL AND CLASS CLAIMS)
### (VANGUARD EUROPEAN SUBCLASS AGAINST THE VANGUARD EUROPEAN DEFENDANTS)
### (CIVIL RICO, 18 U.S.C. § 1962(C))

87.     McBrearty repeats and realleges all paragraphs above as if fully set forth herein.

88.     This claim is brought by McBrearty individually and on behalf of the Vanguard European Subclass pursuant to RICO, 18 U.S.C. §§ 1961, *et seq.*, against the Vanguard European Defendants.

89.     Vanguard European is an enterprise engaged in and whose activities affect interstate and foreign commerce. The Vanguard European Defendants are the Trustees, investment

advisers and executives of the fund and therefore occupy managerial or operational positions with respect to the racketeering acts alleged herein.

90.    The Vanguard European Defendants agreed to and did conduct or participate in the conduct of Vanguard European's affairs through a pattern of racketeering activity and for the unlawful purpose of investing in illegal gambling businesses in violation of 18 U.S.C. § 1962(c).

91.    Pursuant to and in furtherance of their unlawful scheme, the Vanguard European Defendants committed multiple racketeering acts by making numerous investments in various illegal gambling businesses on several occasions extending over a year.

92.    The foregoing acts constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

93.    As a direct and proximate result of the Vanguard European Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), McBrearty and the Vanguard European Subclass have been injured in their business and property.

### SECOND CLAIM FOR RELIEF
### (INDIVIDUAL AND CLASS CLAIMS)
### (VANGUARD GLOBAL SUBCLASS AGAINST THE VANGUARD GLOBAL DEFENDANTS)
### (CIVIL RICO, 18 U.S.C. § 1962(C))

94.    Hartsel repeats and realleges all paragraphs above as if fully set forth herein.

95.    This claim is brought by Hartsel individually and on behalf of the Vanguard Global Subclass pursuant to RICO, 18 U.S.C. §§ 1961, *et seq.*, against the Vanguard Global Defendants.

96.    Vanguard Global is an enterprise engaged in and whose activities affect interstate and foreign commerce. The Vanguard Global Defendants are the Trustees, investment

advisors and Executives of the fund and therefore occupy operational or managerial positions with respect to the racketeering acts alleged herein.

97.    The Vanguard Global Defendants agreed to and did conduct or participate in the conduct of Vanguard Global's affairs through a pattern of racketeering activity and for the unlawful purpose of investing in illegal gambling businesses in violation of 18 U.S.C. § 1962(c).

98.    Pursuant to and in furtherance of their unlawful scheme, the Vanguard Global Defendants committed multiple racketeering acts by making numerous investments in various illegal gambling businesses on several occasions extending over a year.

99.    The foregoing acts constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

100.    As a direct and proximate result of the Vanguard Global Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Hartsel and the Vanguard Global Subclass have been injured in their business and property.

### THIRD CLAIM FOR RELIEF
### (INDIVIDUAL AND CLASS CLAIMS)
### (VANGUARD EUROPEAN SUBCLASS AGAINST THE VANGUARD EUROPEAN DEFENDANTS)
### (CIVIL RICO, 18 U.S.C. § 1962(d))

101.    McBrearty repeats and realleges all paragraphs above as if fully set forth herein.

102.    This claim is brought by McBrearty individually and on behalf of the Vanguard European Subclass pursuant to RICO, 18 U.S.C. §§ 1961, *et seq.*, against the Vanguard European Defendants.

103.    Each of the Vanguard European Defendants violated 18 U.S.C. § 1962(d) by conspiring and agreeing to conduct or participate in the conduct of Vanguard European's affairs

through a pattern of racketeering activity and for the unlawful purpose of investing in illegal gambling businesses, in violation of 18 U.S.C. § 1962(c).

104.    Pursuant to and in furtherance of their unlawful conspiracy, one or more of the Vanguard European Defendants committed one or more overt acts in furtherance of the conspiracy.

105.    As a direct and proximate result of the Vanguard European Defendants' conspiracy and the overt acts in furtherance of such conspiracy, McBrearty and the Vanguard European Subclass have been injured in their business and property.

**FOURTH CLAIM FOR RELIEF**
**(INDIVIDUAL AND CLASS CLAIMS)**
**(VANGUARD GLOBAL SUBCLASS AGAINST THE VANGUARD GLOBAL DEFENDANTS)**
**(CIVIL RICO, 18 U.S.C. § 1962(d))**

106.    Hartsel repeats and realleges all paragraphs above as if fully set forth herein.

107.    This claim is brought by Hartsel individually and on behalf of the Vanguard Global Subclass pursuant to RICO, 18 U.S.C. §§ 1961, *et seq.*, against the Vanguard Global Defendants.

108.    Each of the Vanguard Global Defendants violated 18 U.S.C. § 1962(d) by conspiring and agreeing to conduct or participate in the conduct of Vanguard Global's affairs through a pattern of racketeering activity and for the unlawful purpose of investing in illegal gambling businesses, in violation of 18 U.S.C. § 1962(c).

109.    Pursuant to and in furtherance of their unlawful conspiracy, one or more of the Vanguard Global Defendants committed one or more overt acts in furtherance of the conspiracy.

110.    As a direct and proximate result of the Vanguard Global Defendants' conspiracy and the overt acts in furtherance of such conspiracy, Hartsel and the Vanguard Global Subclass have been injured in their business and property.

### FIFTH CLAIM FOR RELIEF
### (INDIVIDUAL AND CLASS CLAIMS)
### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)
### (BREACH OF FIDUCIARY DUTY)

111.    Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

112.    This claim is brought by Plaintiffs individually and on behalf of the Class against all Defendants, except plaintiff McBrearty does not bring this claim against defendants Acadian, Frashure, Chisholm, Wolahan, AllianceBernstein, D'Auria, Fay, Simms, Marathon, Arah, Hosking and Ostrer.

113.    Defendants owe a fiduciary duty to the Vanguard Funds' shareholders.

114.    Defendants have breached their fiduciary duties to Plaintiffs and the Class by causing the Vanguard Funds to invest in illegal gambling businesses.

115.    Plaintiffs have been injured as a direct, proximate and foreseeable result of such breach on the part of Defendants and have suffered substantial damages thereby, including the loss in value of their investments and the payment, directly or indirectly, of commissions, fees and other compensation received by Defendants from the time that they first breached their fiduciary duties to Plaintiffs.

116.    Plaintiffs, individually and on behalf of the Class, also seek special injuries not belonging to the Vanguard Funds. In particular, Plaintiffs seek the recoupment of fees, commissions and other compensation each Class Member paid to Defendants.

### SIXTH CLAIM FOR RELIEF
### (INDIVIDUAL AND CLASS CLAIMS)
### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)
### (NEGLIGENCE)

117.    Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

118.     This claim is brought by Plaintiffs individually and on behalf of the Class against all Defendants, except McBrearty does not bring this claim against defendants Acadian, Frashure, Chisholm, Wolahan, AllianceBernstein, D'Auria, Fay, Simms, Marathon, Arah, Hosking and Ostrer.

119.     Defendants owe a duty to the Vanguard Funds' shareholders to exercise reasonable care with respect the Vanguard Funds' investments.

120.     Defendants breached their duty of care to the Vanguard Funds' shareholders by causing the Vanguard Funds to invest in illegal gambling businesses.

121.     As a proximate result of Defendants' negligence, Plaintiffs have been damaged.

### SEVENTH CLAIM FOR RELIEF
### (DERIVATIVE CLAIM)
### (VANGUARD EUROPEAN AGAINST THE VANGUARD EUROPEAN DEFENDANTS)
### (CIVIL RICO, 18 U.S.C. § 1962(c))

122.     McBrearty repeats and realleges all paragraphs above as if fully set forth herein.

123.     This claim is brought by McBrearty derivatively on behalf of Vanguard European pursuant to RICO, 18 U.S.C. §§ 1961(c), against the Vanguard European Defendants separately and distinctly from her claims individually and on behalf of the Vanguard European Subclass only to the extent that the claims and relief sought herein belong to Vanguard European and not to the Vanguard European Subclass.

124.     As a direct and proximate result of the Vanguard European Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Vanguard European has been injured in its business and property.

**EIGHTH CLAIM FOR RELIEF**
**(DERIVATIVE CLAIM)**
**(VANGUARD GLOBAL AGAINST THE VANGUARD GLOBAL DEFENDANTS)**
**(CIVIL RICO, 18 U.S.C. § 1962(c))**

125.    Hartsel repeats and realleges all paragraphs above as if fully set forth herein.

126.    This claim is brought by Hartsel derivatively on behalf of Vanguard Global pursuant to RICO, 18 U.S.C. §§ 1961, *et seq.*, against the Vanguard Global Defendants separately and distinctly from her claims individually and on behalf of the Vanguard Global Subclass only to the extent that the claims and relief sought herein belong to Vanguard Global and not to the Vanguard Global Subclass.

127.    As a direct and proximate result of the Vanguard Global Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Vanguard Global has been injured in its business and property.

**NINTH CLAIM FOR RELIEF**
**(DERIVATIVE CLAIM)**
**(VANGUARD EUROPEAN AGAINST THE VANGUARD EUROPEAN DEFENDANTS)**
**CIVIL RICO, 18 U.S.C. § 1962(d)**

128.    McBrearty repeats and realleges all paragraphs above as if fully set forth herein.

129.    This claim is brought by McBrearty derivatively on behalf of Vanguard European pursuant to 18 U.S.C. § 1961(d), against the Vanguard European Defendants separately and distinctly from her claims individually and on behalf of the Vanguard European Subclass only to the extent that the claims and the relief sought herein belong to Vanguard European and not to the Vanguard European Subclass.

---

130.   As a direct and proximate result of the Vanguard European Defendants' conspiracy and the overt acts in furtherance of such conspiracy, Vanguard European has been injured in its business and property.

### TENTH CLAIM FOR RELIEF
### (DERIVATIVE CLAIM)
### (VANGUARD GLOBAL AGAINST THE VANGUARD GLOBAL DEFENDANTS)
### (CIVIL RICO, 18 U.S.C. § 1962(d))

131.   Hartsel repeats and realleges all paragraphs above as if fully set forth herein.

132.   This claim is brought by Hartsel derivatively on behalf of Vanguard Global pursuant to 18 U.S.C. §§ 1961(d), against the Vanguard Global Defendants separately and distinctly from her claims individually and on behalf of the Vanguard Global Subclass only to the extent that the claims and relief sought herein belong to Vanguard Global and not to the Vanguard Global Subclass.

133.   As a direct and proximate result of the Vanguard Global Defendants' conspiracy and the overt acts in furtherance of such conspiracy, Vanguard Global has been injured in its business and property.

### ELEVENTH CLAIM FOR RELIEF
### (DERIVATIVE CLAIM)
### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)
### (BREACH OF FIDUCIARY DUTY)

134.   Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

135.   This claim is brought by Plaintiffs on behalf of the Vanguard Funds against all Defendants separately and distinctly from Plaintiffs' claims individually and on behalf of the Class only to the extent that the claims and relief sought herein belong to the Vanguard Funds and not to the Class, and except that plaintiff McBrearty does not bring this claim against defendants Acadian,

Frashure, Chisholm, Wolahan, AllianceBernstein, D'Auria, Fay, Simms, Marathon, Arah, Hosking and Ostrer.

136.    Defendants have breached their fiduciary duties to the Vanguard Funds by causing the Vanguard Funds to invest in illegal gambling businesses.

137.    The Vanguard Funds have been injured as a direct, proximate and foreseeable result of such breach on the part of Defendants and have suffered substantial damages thereby.

**TWELFTH CLAIM FOR RELIEF**
**(DERIVATIVE CLAIM)**
**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**
**(NEGLIGENCE)**

138.    Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

139.    This claim is brought by Plaintiffs on behalf of the Vanguard Funds against all Defendants separately and distinctly from Plaintiffs' claims individually and on behalf of the Class only to the extent that the claims and relief sought herein belong to the Vanguard Funds and not to the Class, and except that plaintiff McBrearty does not bring this claim against defendants Acadian, Frashure, Chisholm, Wolahan, AllianceBernstein, D'Auria, Fay, Simms, Marathon, Arah, Hosking and Ostrer

140.    The Vanguard Funds have been injured as a direct, proximate and foreseeable result of Defendants' negligence and have suffered substantial damages thereby.

**THIRTEENTH CLAIM FOR RELIEF**
**(DERIVATIVE CLAIM)**
**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**
**(WASTE)**

141.    Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

142.    This claim is brought by Plaintiffs on behalf of the Vanguard Funds against all Defendants separately and distinctly from Plaintiffs' claims individually and on behalf of the Class

only to the extent that the claims and relief sought herein belong to the Vanguard Funds and not to the Class, and except that plaintiff McBrearty does not bring this claim against defendants Acadian, Frashure, Chisholm, Wolahan, AllianceBernstein, D'Auria, Fay, Simms, Marathon, Arah, Hosking and Ostrer.

143.     Defendants each had a duty to the Vanguard Funds to prevent waste of the Vanguard Funds' assets.

144.     Defendants each breached their duties to prevent the waste of the Vanguard Funds' assets.

145.     The Vanguard Funds have been injured as a direct, proximate and foreseeable result of such breach on the part of the Defendants and have suffered substantial damages thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that, upon the trial of this action, Plaintiffs recover for themselves, on behalf of the Class, on behalf of their respective subclasses, and on behalf of the respective Vanguard Funds, from each Defendant, jointly and severally, as follows:

a)     Compensatory damages for individual shareholders representing the reduction in value of their investments resulting from Defendants' wrongful conduct;

b)     Compensatory damages for the Vanguard Funds representing the reduction in value of their investments resulting from Defendants' wrongful conduct;

c)     Forfeiture and disgorgement of any commissions, fees or profits received by Defendants from the time of their first wrongful conduct;

d)     Treble damages;

e)     Punitive damages;

f)     Recovery of Plaintiffs' attorney's fees, expert witness fees, and costs and disbursements of suit;

g)     Pre-judgment and post-judgment interest; and

h)    Such other and further relief to which Plaintiffs are deemed entitled by the Court and/or the jury.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  August 1, 2008

_Thomas I. Sheridan III_

Thomas I. Sheridan, III
HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYES, LLP
112 Madison Avenue
New York, NY 10016-7416
(212) 784-6400—Phone
tsheridan@hanlyconroy.com

- and -

Kenneth J. Brennan
SIMMONSCOOPER LLC
707 Berkshire Blvd.
East Alton, Illinois 62024
(618) 259-2222—Phone
kbrennan@simmonscooper.com

_Attorneys for Plaintiffs_

VERIFICATION

DEANNA MCBREARTY, pursuant to 28 U.S.C. § 1746, hereby verifies, under penalty of perjury, that the foregoing complaint is true and correct to the best of her knowledge information and belief, formed after reasonable inquiry, except as to the allegations relating to her co-plaintiff's investments in one or more Vanguard Funds, as to which she lacks knowledge or information sufficient to form a belief.

Executed: August ⏌, 2008

_____
Deanna McBrearty

VERIFICATION

MARYLYNN HARTSEL  , pursuant to 28 U.S.C. § 1746, hereby verifies, under penalty of perjury, that the foregoing complaint is true and correct to the best of her knowledge information and belief, formed after reasonable inquiry, except as to the allegations relating to her co-plaintiff's investments in one or more Vanguard Funds, as to which she lacks knowledge or information sufficient to form a belief.

Executed: August 1⅛, 2008

_Marylynn Hartsel_
Marylynn Hartsel