UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Deanna McBrearty and Marylynn Hartsel, individually, derivatively and on behalf of all others similarly situated, | Case No. 08 CV 7650 (DLC) |
| | ECF Case |
| Plaintiffs, | Electronically Filed |
| -against- | |
| The Vanguard Group, Inc., George U. Sauter, Duane F. Kelly, John J. Brennan, Charles D. Ellis, Rajiv L. Gupta, Amy Gutmann, JoAnn Heffernan Heisen, Andre F. Perold, Alfred M. Rankin, Jr., J. Lawrence Wilson, Acadian Asset Management LLC, Ronald D. Frashure, John R. Chisholm, Brian K. Wolahan, AllianceBernstein LP, Henry S. D'Auria, Sharon E. Fay, Kevin F. Simms, Marathon Asset Management, LLP, William J. Arah, Jeremy H. Hosking, and Neil M. Ostrer, | |
| Defendants, | |
| -and- | |
| Vanguard International Equity Index Funds, d/b/a Vanguard European Stock Index Fund, and Vanguard Horizon Funds, d/b/a Vanguard Global Equity Fund, | |
| Nominal Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>ACADIAN DEFENDANTS' MOTION TO DISMISS THE COMPLAINT</u>**

Defendants Acadian Asset Management LLC, Ronald D. Frashure, John R. Chisholm and Brian K. Wolahan (collectively, "Acadian Defendants") submit this memorandum in support of their motion to dismiss the Complaint filed by Plaintiffs Deanna McBrearty and Marylynn Hartsel. The Complaint must be dismissed for at least six reasons: (1) Plaintiffs' allegations fail to establish RICO standing where the alleged injury does not the result from the alleged

predicate acts, but rather from the exposure or interruption of the predicate acts by some third party; (2) Plaintiffs' allegations fail to establish RICO standing, as Plaintiffs were not the intended victims of the alleged predicate acts; (3) Plaintiffs have failed adequately to allege predicate acts on which their RICO claims are based; (4) Plaintiffs' purported direct claims under RICO and state law must be dismissed because they are, as a matter of law, all derivative in nature; (5) Plaintiffs' derivative claims under RICO and state law must be dismissed because Plaintiffs have failed to make a demand and have not adequately pled demand futility; and (6) Plaintiffs' derivative claims must be dismissed because Plaintiffs have failed to satisfy the contemporaneous ownership rule.  Moreover, because the Complaint fails to state a federal law claim, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims.  Finally, because the allegations in the Complaint are so fundamentally unsound, any amendment would be futile.  The dismissal of the Complaint should therefore be with prejudice.

## ALLEGATIONS OF THE COMPLAINT[1]

Acadian Asset Management LLC ("Acadian") provides investment advisory services to nominal defendant Vanguard Global Equity Fund ("Vanguard Global").  Verified Class Action and Derivative Complaint ("Compl.") ¶ 25.  Ronald D. Frashure ("Frashure") is the President and Co-Chief Investment Officer of Acadian.  Id. ¶ 26.  John R. Chisholm ("Chisholm") is Executive Vice-President and Co-Director of Research at Acadian.  Id.  Brian K. Wolahan is Senior Vice-President and Co-Director of Research at Acadian.  Id.  Frashure, Chisholm and Wolahan are portfolio managers who have advised Vanguard Global since 2004.  Id.  Plaintiffs

---

[1] Since this is a motion to dismiss, the facts stated in the Complaint must be taken as true. The Acadian Defendants, however, reserve all rights to challenge the facts in the Complaint should this Court deny their motion to dismiss.

are shareholders in two funds managed by Vanguard, the Vanguard European Stock Index Fund and the Vanguard Global Equity Fund (the "Funds").  Id. ¶ 2.  The Funds are statutory trusts organized under the laws of Delaware.  Id. ¶¶ 15-16.  The Funds are overseen by a Board of Trustees (the "Trustees"), which is the same for every Vanguard fund.  Id. ¶ 22.

Plaintiffs allege that the Acadian Defendants "were responsible for implementing the investment strategy complained of herein on behalf of Vanguard Global."  Id. ¶ 26.  Plaintiffs further allege that this "strategy" involved the purchase of publicly traded shares in "illegal gambling businesses" as that term is defined by 18 U.S.C. § 1955.  Id. ¶ 6.  According to Plaintiffs, by causing Vanguard Global to purchase publicly traded shares, defendants violated a criminal law, 18 U.S.C. § 1955, which imposes criminal liability on anyone who "conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business."  Id. ¶¶ 37, 45.  The Complaint does not specify what companies allegedly are involved, nor does it identify what laws the unknown companies allegedly violated.  See id. ¶ 48.  Plaintiffs have indicated, in a stipulation dismissing the AllianceBernstein Defendants, that the alleged "subject gambling businesses" were Party Gaming PLC, Sportingbet PLC, BWin Interactive Entertainment AG and NETeller PLC, all of which are publicly traded companies based in Europe and listed on European exchanges.  See Vanguard Defendants' Request for Judicial Notice, Ex. A, filed on October 27, 2008.  Plaintiffs allege that they were injured when the shares in these gambling businesses declined in value as a result of a government crackdown against "illegal gambling businesses" in 2006, causing the Funds to decline in value.  Id. ¶¶ 1, 51.

**ARGUMENT**

I.   **PLAINTIFFS CANNOT STATE A CLAIM UNDER RICO BECAUSE THEY WERE NOT INJURED "BY REASON OF" THE ALLEGED RICO VIOLATIONS AND THEY THEREFORE LACK STANDING.**

Under 18 U.S.C. § 1964(c), a plaintiff only has standing to bring a RICO claim if he or she is "injured in his business or property *by reason of* a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c) (emphasis added); Denney v. Deutsche Bank AG, 443 F.3d 253, 266 (2d Cir. 2006). "But-for" causation is insufficient; Plaintiffs must also demonstrate that their alleged injuries were proximately caused by the alleged racketeering activity. Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 23 (2d Cir. 1990). Evaluating proximate cause for a RICO claim requires an inquiry into "whether the alleged violation led directly to plaintiff's injury." Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 461 (2006). Plaintiffs cannot satisfy this requirement for two reasons.

First, taken as true, Plaintiffs' allegations establish that their alleged damages do not arise from the investments at issue, but from the intervention of third parties (in this case, federal regulators). See Compl. ¶¶ 1, 51. The Second Circuit, however, has consistently dismissed RICO complaints for failure to allege proximate causation where the allegations of the complaint are that the alleged harm was caused, not by the alleged scheme, but by interruption or exposure of the scheme by a third party. See In Re American Express Co. Shareholder Litig., 39 F.3d 395, 400 (2d Cir. 1994) (dismissing plaintiffs' RICO claims for lack of standing where "any losses to American Express were caused because the scheme itself was exposed and thus failed").

Second, Plaintiffs cannot establish proximate cause because they were not the targets or victims of the alleged RICO violation, but were the intended beneficiaries. The targets of any illegal gambling business would be the people who place bets and lose money. Plaintiffs, by

contrast, are the beneficiaries of the alleged involvement in the gambling businesses because the success of the gambling businesses would impact the stock price of those businesses, which would in turn impact the value of plaintiffs' shares in Vanguard Global. In applying RICO proximate cause analysis, the Second Circuit has clearly held that RICO plaintiffs who are not the intended targets of the alleged RICO scheme are not reasonably foreseeable victims. See In re American Express, 39 F.3d at 400 (dismissing shareholders' RICO claims where they "were certainly not the intended targets of the RICO violations. Quite the contrary, the RICO violations were intended to benefit [the shareholders' company].").

In sum, the allegations in the Complaint fail to give Plaintiffs standing to assert their RICO claims. Those claims must therefore be dismissed. The Vanguard Defendants make these arguments in greater detail in their memorandum in support of their motion to dismiss, filed on October 27, 2008, which the Acadian Defendants join in all respects and fully incorporate herein. See Mem. of Points and Authorities in Support of Vanguard Defendants' Motion to Dismiss ("Vanguard Memorandum") at pp. 5-13.

## II.   PLAINTIFFS FAIL TO ADEQUATELY PLEAD ANY RICO PREDICATE ACTS.

In addition to lacking standing, Plaintiffs have failed to adequately plead any RICO predicate acts for two reasons. First, although plaintiffs allege in conclusory fashion that the Acadian Defendants caused Vanguard Global to invest in "illegal gambling businesses" under 18 U.S.C. § 1955, see Compl. ¶ 48, they fail to identify the names of the business or allege what laws the businesses allegedly violated. See 18 U.S.C. § 1955(b)(1)(i) (defining an "illegal gambling business" as one that, inter alia, is a gambling business that "is a violation of the law of a State or political subdivision in which it is conducted"); U.S. v. Bala, 489 F.3d 334, 340 (8th Cir. 2007) ("[T]he government must prove more than a violation of some state law by a gambling business. The gambling business itself must be illegal . . . we must identify those

criminal violations of state law that turn a legal gambling business into an 'illegal gambling business' that is itself a violation of state law."). In the Complaint, Plaintiffs merely recite the definition of an "illegal gambling business" found in 18 U.S.C. § 1955. They fail, however, to make *any* factual allegations to support their conclusion, and thus fall well short of Rule 8's pleading standard. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Second, the mere purchase of publicly traded shares of a company engaged in on-line gambling can not and should not result in criminal liability under Section 1955. Section 1955 prohibits a person from conducting, financing, managing, supervising, directing, or owning an illegal gambling business. See 18 U.S.C. § 1955(a). As explained in the Vanguard Defendants' memorandum in support of their motion to dismiss,

> the first five prohibited activities prohibited under Section 1955 (from conducting to directing) require *active involvement*, which is not even suggested here. Nor is the sixth prohibited activity of "ownership" supported by the pleadings. To bring plaintiffs' allegations within the scope of Section 1955, the Court would have to read the operative language of the statute expansively and past the point of coherence — the Court would have to find that anyone who purchases even one share of a publicly traded gaming company is criminally responsible for "owning" an illegal gambling business. The spirit of the case law and legislative history are all the other way.

Vanguard Memorandum at pp. 14-15. Section 1955 should be read narrowly, see United States v. Bridges, 493 F.2d 918, 922 (9th Cir. 1974), and no court has read 18 U.S.C. § 1955 to impose liability merely for purchasing publicly traded shares with no other involvement in the company.

In sum, the Complaint fails to adequately alleged any RICO predicates acts. The RICO claims must therefore be dismissed. The Vanguard Defendants make these arguments in greater

detail in the Vanguard Memorandum, which the Acadian Defendants join in all respects and fully incorporate herein. See Vanguard Memorandum at pp. 13-16.

### III. PLAINTIFFS' DIRECT CLAIMS MUST BE DISMISSED BECAUSE ANY INJURY IS DERIVATIVE, NOT DIRECT.

Plaintiffs' direct claims against the Acadian Defendants must be dismissed because they allege harm only to the Funds themselves and the entirety of the Funds' investors. Compl. ¶ 3. Such claims can be maintained only as derivative claims. See Manson v. Stacescu, 11 F.3d 1127, 1131 (2d. Cir. 1993) ("A shareholder generally does not have standing to bring an individual action under RICO to redress injuries to the corporation in which he owns stock."); American Express, 39 F.3d at 401; Rand v. Anaconda-Ericsson, Inc., 794 F.2d 843, 849 (2d Cir. 1986). The Trustee and Fund Defendants make this argument in greater detail in their memorandum in support of their motion to dismiss, filed October 27, 2008, which the Acadian Defendants hereby join in all respects and incorporate fully by reference herein. See Trustee and Fund Defs.' Mem. of Law in Support of their Mot. to Dismiss the Complaint ("Trustee and Fund Defs. Memorandum") at pp. 12-17.

### IV. PLAINTIFFS' DERIVATIVE CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD DEMAND FUTILITY.

Moreover, all of Plaintiffs' derivative claims against the Acadian Defendants must be dismissed because Plaintiffs made no demand on the Funds' Boards of Trustees, and failed to adequately plead demand futility. The Trustee and Fund Defendants make this argument in greater detail in their memorandum in support of their motion to dismiss, filed October 27, 2008, which the Acadian Defendants hereby join in all respects and incorporate fully by reference herein. See Trustee and Fund Defs. Memorandum at pp. 17-23.

## V. PLAINTIFFS' DERIVATIVE CLAIMS SHOULD BE DISMISSED FOR FAILURE TO SATISFY THE CONTEMPORANEOUS OWNERSHIP RULE.

Furthermore, Plaintiffs lack standing to assert state and federal derivative claims against the Acadian Defendants because Plaintiffs have failed to allege facts satisfying the "contemporaneous ownership" rule. The Second Circuit has held that in order to possess standing for a derivative suit under Federal Rule of Civil Procedure 23.1, "a plaintiff must have owned stock in the corporation *throughout* the course of the activities that constitute the *primary basis* of the complaint." In re Bank of New York Derivative Litig., 320 F.3d 291, 298 (2d Cir. 2003) (emphasis in original). Plaintiffs allege that Marylynn Hartsel first purchased shares in the Global Equity Fund "prior to July 1, 2006." Compl. ¶ 13.[2] There are no allegations, however, of when the "transaction of which the stockholder complains" -- the purchase of stock in gambling companies -- occurred. See Compl. ¶¶ 37-39, 46-48. At most, the Complaint suggests that the Funds purchased these stocks prior to the government "crackdown" alleged to have occurred at some point "beginning in 2006." Compl. ¶¶ 1, 51. Nowhere does plaintiff Hartsel allege that she was a shareholder in the Global Equity Fund when that Fund purchased stock in overseas gambling businesses. Accordingly, the requirement of contemporaneous ownership has not been satisfied, and Plaintiffs' derivative claims against the Acadian Defendants should be dismissed for lack of standing.

The Trustee and Fund Defendants make this argument in greater detail in their memorandum in support of their motion to dismiss, filed October 27, 2008, which the Acadian

---

[2] Plaintiff Deanna McBrearty only alleges purchasing shares in the European Index Fund, not the Global Equity Fund. See Compl. ¶ 11. Accordingly, plaintiff McBrearty has not asserted any claims against the Acadian Defendants, see id. ¶¶ 87-145, who are only alleged to have been "responsible for implementing the investment strategy complained of herein on behalf of Vanguard Global." Id. ¶ 26.

Defendants hereby join in all respects and incorporate fully by reference herein.  See Trustee and Fund Defs. Memorandum at pp. 23-24.

## VI. BECAUSE THE COMPLAINT DOES NOT STATE A FEDERAL CLAIM, THE ENTIRE ACTION SHOULD BE DISMISSED.

Because Plaintiffs' RICO claims fail, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, and should dismiss the case in its entirety.  Section 1367(c) makes clear that is appropriate to decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "It is well settled that where…the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."  Klein & Co. Futures, Inc. v. Bd. of Trade, 464 F.3d 255, 262 (2d Cir. 2006).

## VII. THE COURT SHOULD NOT GRANT PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT BECAUSE AMENDMENT WOULD BE FUTILE

Because the allegations in the Complaint are so fundamentally unsound, any amendment would be futile.  Plaintiffs cannot plead facts that would be consistent with their existing allegations and survive dismissal.  The dismissal of the Complaint should therefore be with prejudice.  See, e.g., Bellikoff v. Eaton Vance Corp., 481 F.3d 110, 118 (2d Cir. 2007) (affirming dismissal without leave to amend of class action by mutual fund shareholders against trustees and investment advisors); Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999).  The Vanguard Defendants make these arguments in greater detail in the Vanguard Memorandum which the Acadian Defendants join in all respects and fully incorporate herein.  See Vanguard Memorandum at pp. 17-19.

## CONCLUSION

For the reasons stated above, Plaintiffs have failed to state a claim, and the Acadian Defendants respectfully submit that the complaint should therefore be dismissed with prejudice and without leave to amend.

> Respectfully submitted,
>
> ACADIAN ASSET MANAGEMENT LLC, RONALD D. FRASHURE, JOHN R. CHISHOLM and BRIAN K. WOLAHAN,
> By their attorneys,
>
> /s/ Kirk G. Hanson_____
> Kenneth S. Leonetti
> Brandon F. White (*pro hac vice*)
> Kirk G. Hanson (*pro hac vice*)
> FOLEY HOAG LLP
> 155 Seaport Boulevard
> Boston, Massachusetts 02210
> Telephone: (617) 832-1000
> Facsimile: (617) 832-7000

Dated: October 27, 2008
    Boston, Massachusetts

**CERTIFICATE OF SERVICE**

I, Kirk G. Hanson, do hereby certify that on October 27, 2008, I caused a true copy of the foregoing document to be served upon counsel for the parties by first class mail at the following addresses:

| | |
|---|---|
| HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP<br>Thomas H. Sheridan III<br>112 Madison Avenue<br>New York, NY 10016-7416<br>Tel:  (212) 784-6400<br>Fax:  (212)784-6420<br>Email: tsheridan@hanlyconroy.com<br><br>*Attorneys for Plaintiffs* | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>Harry A. Olivar, Jr.<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 443-3000<br>Fax: (213)443-3100<br>Email: harryolivar@quinnemanuel.com<br><br>*Attorneys for Defendants The Vanguard Group, Inc., George U Sauter, and Duane F. Kelly* |
| SULLIVAN & CROMWELL LLP<br>David Braff<br>Penny Shane<br>125 Broad Street<br>New York, NY 10004-2498<br>Tel:  (212) 558-4000<br>Fax:  (212) 558-3588<br>Email: braffd@sullcrom.com, shanep@sullcrom.com<br><br>*Attorneys for Defendants John J. Brennan, Charles D.. Ellis, Rajiv L. Gupta, Amy Gutmann, JoAnn Heffernan Heisen, Andre F. Perold, Alfred M. Rankin, Jr., and J. Lawrence Wilson* | BUCHALTER NEMER, PC<br>Michael Ceresto<br>L. Richard Walton<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA  90017<br>Tel: (213) 891-0700<br>Fax: *(213)* 630-5764<br>Email:mcereseto@buchalter.com<br>rwalton@buchalter.com<br><br>*Attorney for Defendants Marathon Asset Management LLP, William J. Arah, Jeremy H. Hosking, and Neil M. Ostrer* |

/s/ Kirk G. Hanson_____
Kirk G. Hanson

Dated:  October 27, 2008
Boston, Massachusetts