Barry M. Bordetsky (BB4218)
Littman Krooks, LLP
570 Lexington Avenue, 44th Floor
New York, New York 10022
Tel: (212) 688-0008
Fax: (212) 319-7605
barry@bordetskylaw.com

Michael J. Cereseto (XXXXXX, *Admitted Pro Hac Vice*)
L. Richard Walton (XXXXXX, *Admitted Pro Hac Vice*)
BuchalterNemer, A.P.C.
1000 Wilshire Blvd, Suite 1500
Los Angeles, California 90017
(213) 891-0700
(213) 630-5774
mcereseto@buchalter.com
rwalton@buchalter.com

Attorneys for Defendants
Marathon Asset Management, LLP;
William J. Arah;
Jeremy J. Hosking; and
Neil M. Ostrer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Deanna McBrearty and Marylynn Hartsel, individually, derivatively and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　-against-<br><br>The Vanguard Group, Inc., George U. Sauter, Duane F. Kelly, John J. Brennan, Charles D. Ellis, Rajiv L. Gupta, Amy Gutmann, JoAnn Heffernan Heisen, Andre F. Perold, Alfred M. Rankin, Jr., J. Lawrence Wilson, Acadian Asset Management, LLC, Ronald D. Frashure, John R. Chisholm, Brian K. Wolahan, AllianceBernstein LP, Henry S. D'Auria, Sharon E. Fay, Kevin F. Simms, Marathon Asset Management, LLP, William J. Arah, Jeremy H. Hosking, and Neil M. Ostrer,<br><br>　　　　　　Defendants,<br><br>　　-and-<br><br>Vanguard International Equity Index Funds, d/b/a Vanguard European Stock Index Fund, and Vanguard Horizon Funds, d/b/a Vanguard Global Equity Fund,<br><br>　　　　　　Nominal Defendants. | 08 CV 7650 (DLC) |

**MARATHON ASSET MANAGEMENT DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

　　Defendants Marathon Asset Management, LLP ("Marathon"), William J. Arah, Jeremy J. Hosking, and Neil M. Ostrer (collectively, "Marathon Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Verified Class Action and Derivative Complaint and Jury Demand (the "Complaint") pursuant to Rule 12(b)(6) of the

BN 2370271v2

Federal Rules of Civil Procedure. Several other defendants have filed motions to dismiss, including The Vanguard Group, Inc. ("Vanguard"), the Vanguard International Equity Index Funds and Vanguard Horizon Funds ("European Index Fund" and the "Global Equity Fund," respectively, and collectively the "Funds") including the Trustees of these funds, and Acadian Asset Management, LLC ("Acadian")[1]. A majority of the arguments in the defendants' motions to dismiss are the same. As such, the Marathon Defendants have joined in many of the arguments made by the various defendants.

## PRELIMINARY STATEMENT

This lawsuit involves claims by the plaintiffs that two Vanguard mutual funds conspired to turn the funds into racketeering enterprises by causing them to invest in publicly traded companies in the gambling industry. The plaintiffs are attempting to turn a legitimate purchase of publicly-traded stocks into a violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"). According to the plaintiffs, the alleged damage occurred some time in 2006 when the share price of these "illegal gambling" companies declined due to a United States government "crackdown" on the companies' operations. Plaintiffs have sued the Funds' Trustees, some Fund advisors, and other Fund representatives.

## ALLEGATIONS BEFORE THE COURT

Plaintiffs are shareholders in European Index Fund and the Global Equity Fund. (Verified Class Action and Derivative Complaint ("Compl.") ¶ 2). The Complaint alleges that Marathon provides investment services to the Global Equity Fund. (Compl. ¶ 29). William J. Arah ("Arah"), Jeremy J. Hosking ("Hosking"), and Neil M. Ostrer ("Ostrer") are portfolio

---

[1] The various motions to dismiss are also brought on behalf of related individuals.

managers for Marathon and were responsible for certain investment decisions of the Global Equity Fund. (Compl. ¶ 30).

Plaintiffs allege that Arah, Hosking, and Ostrer exercised operational or managerial oversight over the portfolio holdings of the Global Equity Fund and were responsible for implementing the investment strategy complained of in the Complaint on behalf of the Global Equity Fund. (Compl. ¶ 30). In the present case the plaintiffs have identified the gambling companies as Party Gaming PLC, Sportingbet PLC, BWIN Interactive Entertainment AG, and NETeller PLC. (*See* Vanguard's Request for Judicial Notice, Ex. A, filed October 27, 2008.). All of these companies are publicly traded companies based in Europe and listed on European exchanges. (*See* Vanguard's Request for Judicial Notice Exs. B, C, D, & E, filed October 27, 2008). The Plaintiffs maintain that the Marathon Defendants' strategy of buying shares in overseas gambling company traded on a European stock exchange violated 18 U.S.C. § 1955 ("Section 1955") (Compl. ¶ 6). Section 1955 imposes criminal liability on anyone who "conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business." (Compl. ¶ 37, 45).

Plaintiffs allege that they were injured when the shares in these gambling businesses declined in value as a result of a government crackdown against "illegal gambling businesses" in 2006, causing the Funds to decline in value. *(*Compl. ¶ 1, 51).

## ARGUMENT

I.  **PLAINTIFFS HAVE FAILED TO ALLEGE THAT THE GAMBLING COMPANIES CONDUCTED ANY BUSINESS WITHIN THE UNITED STATES**

18 U.S.C. § 1955(b)(1)(i) defines an "illegal gambling business" as one that is in violation of the law of a State or political subdivision *in which it is conducted*. The plaintiffs do not allege that the gambling companies conducted business anywhere, let alone within the United

States.  While the plaintiffs make a brief conclusory allegation that the gambling companies violate federal law and the law of one or more of the United States, this falls short of adequately pleading illegality under section 1955(b)(1)(i).  (Compl. ¶ 3).  To adequately allege an illegal gambling business, the plaintiffs are not only required to allege the violation of a particular law, but also that the business was conducted within the jurisdiction of the violated law.  18 U.S.C. § 1955(b)(1)(i).

The plaintiffs have made no allegations that the gambling companies actually conducted business in any of the United States.  Without alleging that the gambling companies actually conducted business within the United States, the Complaint fails to allege an "illegal gambling business" under section 1955.

## II.  PLAINTIFFS CANNOT STATE A CLAIM UNDER RICO BECAUSE THEY WERE NOT INJURED "BY REASON OF" THE ALLEGED RICO VIOLATIONS AND THEY THEREFORE LACK STANDING

A plaintiff only has standing to bring a RICO claim if he or she is "injured in his business or property *by reason of* a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c) (emphasis added); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006).  Plaintiffs must demonstrate that their alleged injuries were proximately caused by the alleged racketeering activity; simple but-for causation is insufficient.  *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990).  As set forth in Vanguard's and Acadian's motions to dismiss, the Plaintiffs cannot satisfy these requirements for two reasons.  First, assuming Plaintiffs' allegations are true, the alleged damages do not arise from the investments in the gambling companies, but from the intervention of federal regulators.  (See Compl. ¶ 1, 51).  Second, Plaintiffs cannot establish proximate cause because they were not the intended targets of the alleged RICO violation, but were the intended beneficiaries.

Vanguard and Acadian both address this point in detail in their motions to dismiss, which the Marathon Defendants hereby join in all respects and incorporate fully by reference herein.[2]

### III. PLAINTIFFS FAIL TO PLEAD ANY RICO PREDICATE ACTS

Plaintiffs fail to adequately allege that Marathon's investment "strategy" constitutes a RICO predicate act. The sole predicate act alleged in the Complaint is a violation of section 1955, which imposes criminal liability on anyone who "conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business." Although Plaintiffs make conclusory allegations that the Marathon Defendants caused the Global Equity Fund to invest in "illegal gambling" companies, they fail to identify the gambling companies or the laws the gambling companies violated.

Section 1955 defines an illegal gambling business as one that "is a violation of the law of a State or political subdivision in which it is conducted." 18 U.S.C. § 1955(b)(1)(i); *United States v. Bala*, 489 F.3d 334, 340 (8th Cir. 2007) ("[T]he government must prove more than a violation of some state law by a gambling business. *The gambling business itself* must be illegal . . . we must identify those criminal violations of state law that turn a legal gambling business into an 'illegal gambling business' that is itself a violation of state law.") (emphasis in original)

Vanguard and Acadian both make this argument in greater detail in their motions to dismiss, which the Marathon Defendants hereby join in all respects and incorporate fully by reference herein.[3]

---

[2] *See* Notice of Vanguard Defendants' Motion to Dismiss, filed October 27, 2008; Memorandum of Points and Authorities in Support of Vanguard Defendants' Motion to Dismiss the Complaint ("Vanguard Motion") pp. 5-12, filed October 27, 2008; Vanguard Defendants' Request for Judicial Notice, filed October 27, 2008; *See* Notice of Acadian Defendants' Motion to Dismiss, filed October 27, 2008; Memorandum of Points and Authorities in Support of Acadian Defendants' Motion to Dismiss the Complaint ("Acadian Motion") pp. 4-5, filed October 27, 2008.

IV. **PLAINTIFFS' INDIVIDUAL AND CLASS CLAIMS UNDER RICO MUST BE DISMISSED BECAUSE ANY INJURY IS DERIVATIVE IN NATURE, NOT DIRECT**

The plaintiffs' direct claims against the Marathon Defendants are flawed, and must be dismissed, because they are necessarily derivative claims. The only harm alleged was to the Funds themselves and the entirety of the Funds' investors. (Compl. ¶ 3). Such claims can only be brought in a derivative fashion. *See Manson v. Stacescu*, 11 F.3d 1127, 1131 (2d. Cir. 1993) ("A shareholder generally does not have standing to bring an individual action under RICO to redress injuries to the corporation in which he owns stock."); *American Express*, 39 F.3d at 401; *Rand v. Anaconda-Ericsson, Inc.*, 794 F.2d 843, 849 (2d Cir. 1986). The Trustees make this argument in greater detail in their motion to dismiss. The Marathon Defendants hereby join that part of their motion in all respects and incorporate it fully by reference herein.[4]

V. **PLAINTIFFS' DERIVATIVE CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD DEMAND FUTILITY**

Plaintiffs' derivative claims against the Marathon Defendants must be dismissed because Plaintiffs failed to make a demand upon the Funds' Board of Trustees and have failed to adequately plead demand futility. The Trustees make this argument in greater detail in their motion to dismiss. The Marathon Defendants hereby join that argument in all respects and incorporate it fully by reference herein.[5]

---

[3] *See* Vanguard Motion pp. 12-15.; *See* Acadian Motion pp. 5-6.

[4] *See* Notice of Trustees' Motion to Dismiss, filed October 27, 2008; Memorandum of Points and Authorities in Support of Trustees' Motion to Dismiss the Complaint ("Trustees' Motion") pp. 12-16, filed October 27, 2008.

[5] *See* Trustees' Motion pp. 18-23.

## VI. PLAINTIFFS' DERIVATIVE CLAIMS SHOULD BE DISMISSED FOR FAILURE TO SATISFY THE CONTEMPORANEOUS OWNERSHIP RULE

Additionally, Plaintiffs have failed to adequately allege facts satisfying the "contemporaneous ownership" rule.  The Second Circuit has held that in order to possess standing for a derivative suit under Federal Rule of Civil Procedure 23.1, "a plaintiff must have owned stock in the corporation *throughout* the course of the activities that constitute the *primary basis* of the complaint."  *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 298 (2d Cir. 2003) (emphasis in original).  Plaintiffs fail to meet both state and federal requirements in this regard.

The Trustees make this argument in greater detail in their motion to dismiss.  The Marathon Defendants hereby join that argument in all respects and incorporate it fully by reference herein.[6]

## VII. WITHOUT RICO, THE COMPLAINT DOES NOT STATE A FEDERAL CLAIM, SO THE ENTIRE ACTION SHOULD BE DISMISSED

Because Plaintiffs' RICO claims fail, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, and should dismiss the case in its entirety.  Section 1367(c) provides that the Court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "It is well settled that where…the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."  *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006).

---

[6] See Trustees' Motion pp. 23-24.

BN 2370271v2

## VIII. THE COURT SHOULD NOT GRANT PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT BECAUSE AMENDMENT WOULD BE FUTILE

The present Complaint by Plaintiffs is fundamentally flawed. The Court should deny leave to amend. Vanguard makes this argument in greater detail in its motion to dismiss, which the Marathon Defendants hereby join in all respects and incorporate fully by reference herein.[7]

## CONCLUSION

For the reasons stated above, Plaintiffs have failed to state a claim, and the Marathon Defendants respectfully submit that the complaint should therefore be dismissed with prejudice and without leave to amend.

DATED: October 27, 2008

BUCHALTER NEMER
A Professional Corporation
L. RICHARD WALTON

By:  /s/ Michael J. Cereseto
MICHAEL J. CERESETO
Attorneys for Defendants
Marathon Asset Management, LLP; Neil M. Ostrer; William J. Arah and Jeremy J. Hosking

---

[7] *See* Vanguard Motion pp. 16-18.

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2008 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following counsels of record:

| | |
|---|---|
| Kenneth J. Brennan<br>**SIMMONS, COOPER, LLC.**<br>707 Berkshire Boulevard<br>East Alton, IL 62024<br>Telephone: (618) 259-2222<br>Facsimile: (618) 259-2251<br>Email: kbrennan@simmonscooper.com | Thomas I. Sheridan, III<br>**HANLY CONROY BIERSTEIN SHERIDAN**<br>   **FISHER & HAYES, LLP**<br>112 Madison Avenue<br>New York, NY 10016<br>Telephone: (212) 784-6400<br>Facsimile: (212) 784-6400<br>Email: tsheridan@hanlyconroy.com;<br>   abierstein@hanlyconroy.com;<br>   jlucena@hanlyconroy.com |

*Attorneys for Plaintiffs DEANNA McBREATY and MARYLYNN HARTSEL*

Kirk G. Hanson
Brandon F. White
**FOLEY HOAG LLP**
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617)-832-3036
Facsimile: (617)-832-7000
Email: khanson@foleyhoag.com; bfwhite@foleyhoag.com
   *Attorneys for Defendants ACADIAN ASSET MANAGEMENT, LLC,*
   *RONALD D. FRASHURE, JOHN R. CHISHOLM AND BRIAN K. WOLAHAN*

Harry A. Olivar, Jr.
**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email: harryolivar@quinnemanuel.com
   *Attorneys for Defendants THE VANGUARD GROUP, INC.,*
   *GEORGE U. SAUTER, and DUANE F. KELLY*

///

///

BN 2370271v2

David Braff
Penny Shane
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: braffd@sullcrom.com; shanep@sullcrom.com
*Attorneys for Defendants JOHN J. BRENNAN, CHARLES D. ELLIS, RAJIV L. GUPTA, AMY GUTMANN, JoANN HEFFERNAN HEISEN, ANDRE F. PEROLD, ALFRED M. RANKIN, JR., and J. LAWRENCE WILSON*


         /s/     *Michael J. Cereseto*
MICHAEL J. CERESETO, ESQ.
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 630-5665

11