UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DEANNA McBREARTY and MARYLYNN HARTSEL,  :
individually, derivatively and on       :
behalf of all others similarly          :
situated,                               :        08 Civ. 7650 (DLC)
            Plaintiffs,  :
                                     :        OPINION & ORDER
     -v-                 :
                                     :
THE VANGUARD GROUP, INC.; GEORGE U.      :
SAUTER; DUANE F. KELLY; JOHN J.          :
BRENNAN; CHARLES D. ELLIS; RAJIV L.      :
GUPTA; AMY GUTMANN; JOANN HEFFERNAN      :
HEISEN;; ANDRE F. PEROLD; ALFRED M.      :
RANKIN, JR.; J. LAWRENCE WILSON;         :
ACADIAN ASSET MANAGEMENT, LLC; RONALD    :
D. FRASHURE; JOHN R. CHISHOLM; BRIAN K.  :
WOLAHAN;; ALLIANCEBERNSTEIN LP; HENRY    :
S. D'AURIA; SHARON E. FAY; KEVIN F.      :
SIMMS; MARATHON ASSET MANAGEMENT LLP;    :
WILLIAM J. ARAH; JEREMY H. HOSKING; and  :
NEIL M. OSTRER,                          :
                                     :
        Defendants,        :
                                     :
    -and-                 :
                                     :
VANGUARD INTERNATIONAL EQUITY INDEX      :
FUNDS, d/b/a VANGUARD EUROPEAN STOCK     :
INDEX FUND; and VANGUARD HORIZON FUNDS,  :
d/b/a VANGUARD GLOBAL EQUITY FUND,       :
                                     :
      Nominal Defendants.  :
----------------------------------------X

Appearances:

For Plaintiffs:

Thomas I. Sheridan, III
Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP
112 Madison Avenue
New York, NY 10016

Greg Erthal

SimmonsCooper LLC
707 Berkshire Blvd.
East Alton, IL 62024

For Defendants The Vanguard Group, Inc., George U. Sauter, and
Duane F. Kelly:

Harry A. Olivar, Jr.
Quinn Emmanel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Sascha N. Rand
Quinn Emmanel Urquhart Oliver & Hedges, LLP
511 Madison Avenue, 22nd Floor
New York, NY 10010

For Defendants Acadian Asset Management LLC, Ronald D. Frashure,
John R. Chisholm, and Brian K. Wolahan:

Kenneth S. Leonetti
Brandon F. White
Kirk G. Hanson
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210

For Defendants John J. Brennan, Charles D. Ellis, Rajiv L.
Gupta, Amy Gutmann, JoAnn Heffernan Heisen, André F. Perold,
Alfred M. Rankin, Jr., J. Lawrence Wilson, and nominal
defendants Vanguard International Equity Funds, d/b/a Vanguard
European Stock Index Fund, and Vanguard Horizon Funds d/b/a/
Vanguard Global Equity Fund:

David H. Braff
Penny Shane
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

For Defendants Marathon Asset Management, Willian J. Arah,
Jeremy J. Hosking, and Neil M. Ostrer:

Michael J. Cereseto
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

DENISE COTE, District Judge:

This lawsuit concerns an investment fund's liability to its shareholders for investments in online gambling companies. The investments declined in value after the gambling companies became the targets of a United States government crackdown. Plaintiffs, each a shareholder in one of the nominal defendants, bring this derivative and putative class action lawsuit alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"), as well as state-law claims for breach of fiduciary duty, negligence and waste. Defendants have moved to dismiss the complaint arguing that, inter alia, plaintiffs lack statutory standing under RICO because they cannot show that they were injured "by reason of" the defendants' alleged RICO violations. Plaintiffs having been injured by the government's enforcement actions and their attendant publicity, and only indirectly (at best) by the defendants' purchase of stock, their RICO claims are dismissed for failure to plead proximate causation.

BACKGROUND

The following facts are taken from the complaint. Plaintiff Deanna McBrearty purchased shares in nominal defendant Vanguard European Stock Index Fund ("Vanguard European") on or about May 20, 2005. Plaintiff Marylynn Hartsel purchased shares

in nominal defendant Vanguard Global Equity Fund ("Vanguard Global") sometime prior to July 1, 2006.[1]  Plaintiffs allege that the nominal defendants repeatedly purchased shares in "illegal gambling businesses," as defined by 18 U.S.C. § 1955.  In or about 2006, federal and state law enforcement agencies "began a crackdown" on gambling businesses, such as those in which the nominal defendants had invested.  Consequently, the stock prices of the gambling business owned by the nominal defendants dropped precipitously, and plaintiffs' portfolios declined in value. The plaintiffs name as defendants the investment advisor and the portfolio managers responsible for investment decisions made by the nominal defendants and individuals associated with each of these entities.

Plaintiffs allege that, by purchasing and holding stock in the gambling businesses subject to the government's enforcement activities, the defendants conspired together to commit predicate acts under RICO by "financ[ing]" or "own[ing]" an illegal gambling business, in violation of 18 U.S.C. § 1955. Their investments in gambling businesses over a multi-year period, plaintiffs assert, constitute a pattern of racketeering activity that injured plantiffs "as a direct and proximate result."

---

[1] Vanguard European and Vanguard Global will be referred to collectively as the "nominal defendants."

This action was filed on August 29, 2008.  On October 27, 2008, the defendants moved to dismiss the complaint. Plaintiffs' opposition, filed on November 24, asserted that their complaint was sufficient to withstand defendants' motions, but requested leave to amend in the alternative.

At a December 18 conference, the parties agreed with the Court's proposal to initially address two of the issues raised in the motions to dismiss -- whether plaintiffs had demonstrated that defendants' alleged RICO violations caused their injuries, thereby conferring standing to sue under RICO, and the sufficiency of the purchase of gambling-company stock as a predicate act under RICO.  A finding in the defendants' favor on either issue, the parties agreed, could not be cured by amendment.  Were the plaintiffs to prevail on both issues, they would then have the opportunity to amend their complaint to cure any possible deficiencies, and then the remainder of defendants' motions to dismiss would be considered.  As explained below, it is only necessary to reach the first of these two issues to conclude that the RICO claim must be dismissed.


DISCUSSION

A trial court considering a Rule 12(b)(6) motion must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving

party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191
(2d Cir. 2007). At the same time, "conclusory allegations or
legal conclusions masquerading as factual conclusions will not
suffice to defeat a motion to dismiss." Achtman v. Kirby,
McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006)
(citation omitted). A court considering a Rule 12(b)(6) motion
applies a "flexible plausibility standard, which obliges a
pleader to amplify a claim with some factual allegations in
those contexts where such amplification is needed to render the
claim plausible." Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir.
2008) (citation omitted). "To survive dismissal, the plaintiff
must provide the grounds upon which his claim rests through
factual allegations sufficient to raise a right to relief above
the speculative level." ATSI Commc'ns, Inc. v. Shaar Fund,
Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Defendants assert that plaintiffs cannot plausibly allege a
violation of RICO, because they cannot plead that defendants'
alleged violations of RICO proximately caused plaintiffs'
injuries. RICO's civil provision, 18 U.S.C. § 1964(c), provides
a private cause of action for any person injured in her business
or property "by reason of" a violation of RICO. McLaughlin v.
American Tobacco Co., 522 F.3d 215, 222 (2d Cir. 2008) (citing
18 U.S.C. § 1964(c)). In Holmes v. Securities Investor
Protection Corporation, 503 U.S. 258 (1992), the Supreme Court

refined its earlier conception of causation (the "by reason of"
requirement) and explicitly imposed a proximate causation
requirement for civil RICO actions.  Three policy considerations
informed its decision to limit the plaintiffs who could recover
from a RICO violation to those who were directly or proximately
injured:

> (1) the factual difficulty of measuring
> indirect damages and distinguishing among
> distinct independent causal factors;
> (2) the complexity of apportioning damages
> among plaintiffs to obviate the risk of
> multiple recoveries; and
> (3) the fact that the need to grapple with
> these problems is simply unjustified by the
> general interest in deterring injurious
> conduct, since directly injured victims can
> generally be counted on to vindicate the
> law.

Smokes-Spirits.Com, Inc., 541 F.3d at 440 (citing Holmes, 503
U.S. at 269).  Thus, "[t]o fulfill the requirement that the
injury occur 'by reason of' a defendant's action, a plaintiff
must show that the defendant's violation not only was a 'but
for' cause of his injury, but was the proximate cause as well."
McLaughlin, 522 F.3d at 222 (citation omitted).

        Proximate causation, or loss causation, does not exist
where the plaintiff's injury was "indirectly (and hence not
proximately) caused by the racketeering activity."  Baisch v.
Gallina, 346 F.3d 366, 373 (2d Cir. 2003).  See also Anza v.
Ideal Steel Supply Corp., 547 U.S. 451, 460 (2006) (proximate

cause requires a "direct causal connection" between the RICO violations and the injury suffered). Injuries that are "too attenuated" from the RICO predicate acts are too remote to satisfy the proximate cause requirement. City of New York v. Smokes-Spirits.Com, Inc., 541 F.3d 425, 440 n.20 (2d Cir. 2008). Proximate cause is thus lacking where the cause of the asserted harms is "a set of actions . . . entirely distinct from the alleged RICO violation." Id. at 441 (citation omitted). "[W]hen factors other than the defendant's [misconduct] are an intervening direct cause of a plaintiff's injury, that same injury cannot be said to have occurred by reason of the defendant's actions." McLaughlin, 522 F.3d at 226 (citation omitted). Injuries occurring because of the disclosure of a scheme involving the predicate acts, rather than because of the predicate acts themselves, are not the "necessary result" of the predicate acts, and do not give rise to RICO standing. In re Am. Express Co. Shareholder Litig., 39 F.3d 395, 400 (2d Cir. 1994) (citation omitted). See also Abrahams v. Young & Rubicam Inc., 79 F.3d 234, 239 (2d Cir. 1996).

Put otherwise, a defendant accused of violating RICO is potentially liable only "to those with respect to whom his acts were a substantial factor in the sequence of responsible causation, and whose injury was reasonably foreseeable or anticipated as a natural consequence." Baisch, 346 F.3d at 373-

74 (citation omitted).  Those whose injuries are "reasonably foreseeable or anticipated as a natural consequence" generally include "the targets, competitors, and intended victims of the racketeering enterprise."  Lerner v. Fleet Bank, N.A., 318 F.3d 113, 124 (2d Cir. 2003).[2]

Proximate causation is lacking here because the shareholders were injured not by the ownership of or investment in the illegal gambling operations, but by the reaction of the stock price to the publicity following the government's investigation of those operations.  "[T]he commission of the RICO violations was not what injured" plaintiffs; as they acknowledge, "it was the exposure of those acts," through the government's investigation, as illegal that "caused the [plaintiffs'] harm."  American Express, 39 F.3d at 400.  The direct cause of plaintiffs' injuries is therefore a "set of actions [the government crackdown] entirely distinct from the alleged RICO violation [conducting an illegal gambling operation]."  Smokes-Spirits, 541 F.3d at 441 (citation omitted).  An injury created by the disclosure of a scheme or, similarly, by intervening actions (the government investigation), does not give rise to RICO standing.  American Express, 39 F.3d at 400.

---

[2] The relationship between the zone of interests analysis and more recent formulations of proximate cause is discussed in Smokes-Spirits, 541 F.3d at 440 n.20.

Further, as in American Express, "the shareholders
. . . were certainly not the intended targets of the RICO
violations," but were the intended beneficiaries of the
investments in the gambling funds.  Id.  Plaintiffs'
protestations that proximate causation does not require that
their injury be the "preconceived purpose" or "specifically
intended consequence" of the predicate acts does not displace
the forseeability requirement, which under Lerner is generally
limited to injuries incurred by "targets, competitors, and
intended victims" of the RICO violations.  Lerner, 318 F.3d at
124.

Plaintiffs have raised no plausible claim that they are a
member of any of these groups.  Those who lost money by gambling
online, or competitors offering legal gambling services are the
ones who may be able to argue that they are the reasonably
foreseeable intended victims, competitors, or targets of illegal
gambling operations.  Indeed, cases from this Circuit and
elsewhere, when discussing victims of gambling enterprises,
refer to those who gambled and lost, and not to investors in the
enterprise.  See, e.g., Price v. Pinnacle Brands, Inc., 138 F.3d
602, 607 (5th Cir. 1998); United States v. Joseph, 835 F.2d
1149, 1152 (6th Cir. 1987); United States v. Littman, 421 F.2d
981, 982 (2d Cir. 1970).  Plaintiffs, as those providing

economic backing for the gambling investments, were not the intended victims or targets of this enterprise.

Plaintiffs rely instead on the three policy considerations identified in <u>Holmes</u> and subsequently cited by the Second Circuit in <u>Smokes-Spirits</u>, which underlie the adoption of the proximate cause test.  <u>Holmes</u>, 503 U.S. at 269; <u>Smokes-Spirits</u>, 541 F.3d at 440.  They attempt to argue that they are the parties best situated to bring RICO claims to recover on the shareholders' behalf.  Plaintiffs argument misses the point; the <u>Holmes</u> factors support but do not alter the analysis of proximate causation discussed above.  Because intervening events, and not the defendants' investment decisions, proximately caused the plaintiffs' investment losses, plaintiffs' RICO claims must be dismissed for lack of causation.

CONCLUSION

Plaintiffs' RICO claims are dismissed with prejudice.  As there are no longer any federal claims against the defendants in this suit, it is within the Court's discretion whether to exercise supplemental jurisdiction over plaintiffs' state law claims.  <u>Klein & Co. Futures, Inc. v. Board of Trade of City of New York</u>, 464 F.3d 255, 263 (2d Cir. 2006).  Since this action has not yet proceeded to the merits of plaintiffs' claims, this

Court declines to exercise supplemental jurisdiction.   The Clerk

of Court shall enter judgment for the defendants on the RICO

claim and dismiss the remaining claims without prejudice to

refiling in state court.


        SO ORDERED:

Dated:     New York, New York
           April 2, 2009


                                   DENISE COTE
                              United States District Judge


12