SDNY (NYC)
08-cv-7650

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 22 JAN 2010

09-1445-cv
McBrearty v. The Vanguard Group, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand nine.

PRESENT:
    HON. RALPH K. WINTER,
    HON. ROSEMARY S. POOLER,
                               Circuit Judges,
    HON. JED S. RAKOFF,
                               District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DEANNA MCBREARTY, MARYLYNN HARTSEL, individually, derivatively, and on behalf of all others similarly situated,

        Plaintiffs-Appellants,

    -v.-                                                    No. 09-1445-cv

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE:
January 20, 2010    NR

```
THE VANGUARD GROUP, INC., GEORGE U. SAUTER,
DUANE F. KELLY, JOHN J. BRENNAN, CHARLES D.
ELLIS, RAJIV L. GUPTA, AMY GUTMANN, JOANN
HEFFERNAN HEISEN, ANDRE F. PEROLD, ALFRED M.
RANKIN JR., J. LAWRENCE WILSON, ACADIAN ASSET
MANAGEMENT, LLC, RONALD D. FRASHURE, JOHN R.
CHISHOLM, BRIAN K. WOLAHAN, MARATHON ASSET
MANAGEMENT, LLP and NEIL M. OSTRER,
```

            Defendants-Appellees,

VANGUARD INTERNATIONAL EQUITY INDEX FUNDS,
D/B/A VANGUARD EUROPEAN STOCK INDEX FUND,
VANGUARD HORIZON FUNDS, D/B/A VANGUARD
GLOBAL EQUITY FUND,

            Nominal Defendants-Appellees,

ALLIANCE BERNSTEIN LP, HENRY S. D'AURIA,
SHARON E. FAY, KEVIN F. SIMMS, WILLIAM J. ARAH
and JEREMY H. HOSKING,

            Defendants.

------------------------------------------------x

| | |
|---|---|
| Appearing for Appellants: | THOMAS I. SHERIDAN, III (Andrea Bierstein, on the brief), Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, New York, New York. |
| Appearing for Appellees: | HARRY A. OLIVAR, JR. (A. William Urquhart and Jasmine M. Starr, Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, California; David Braff, Penny Shane, and Amanda F. Davidoff, Sullivan & Cromwell LLP, New York, New York; Kenneth S. Leonetti, Brandon F. White, and Kirk G. Hanson, Foley Hoag LLP, Boston, Massachusetts; Robert M. Dato, Michael Cereseto, and L. Richard Walton, Buchalter Nemer, PC, Los Angeles, California, on the brief), Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, California. |

       Appeal from the United States District Court for the Southern District of New York (Denise L. Cote, Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants appeal a judgment entered on April 6, 2009 in the United States District Court for the Southern District of New York (Cote, J.) dismissing with prejudice plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"). Plaintiffs were shareholders in certain of defendants' mutual funds that had invested in online gambling companies. They brought this civil RICO action after the shares of these online gambling companies declined in value following a government crackdown on illegal offshore gambling. We assume general familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo the district court's grant of a motion to dismiss, taking all reasonable inferences in plaintiffs' favor. City of N.Y. v. Smokes-Spirits.com, Inc., 541 F.3d 425, 439 (2d Cir. 2008).

To state a civil RICO claim, plaintiffs must show that they were injured "by reason of" the alleged racketeering activity, 18 U.S.C. § 1964(c), that is, that the defendant's RICO violation proximately caused plaintiffs' injuries. See Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 457 (2006); Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 267-68 (1992); see also Smokes-Spirits, 541 F.3d at 440-41; Lerner v. Fleet Bank, N.A., 318 F.3d 113, 121-22 (2d Cir. 2003). In the RICO context, proximate causation means, in turn, that "the alleged violation led directly to the plaintiff's injuries." Anza, 547 U.S. at 461. Here, however, the complaint alleges that the decline in the funds' online gambling holdings was not the direct result of the RICO violation -- the owning and/or financing of illegal gambling -- but rather was the result of the subsequent

3

"government crackdown" on the illegal gambling. Although plaintiffs contend that the law enforcement crackdown was a foreseeable risk of defendants' activities (rather than a supervening cause),[1] we have already held that proximate causation is lacking under RICO when the harm results from the exposure or disclosure of the RICO predicate activity. In re Am. Express Co. S'holder Litig., 39 F.3d 395, 400 (2d Cir. 1994).[2]

Plaintiffs also argue that the "underlying premises" of the proximate cause requirement set forth by the Supreme Court in Holmes v. Securities Investor Protection Corp., 503 U.S. at 269-70, support a finding of proximate cause here.[3] It is hardly clear that this is so; but even assuming arguendo that these policy considerations cut in plaintiffs' favor, they cannot remedy

---

[1] Although foreseeability is often the test of proximate causation at common law, see Palsgraf v. Long Island R.R. Co., 162 N.E. 99, 100 (N.Y. 1928), RICO causation is a concept distinct from "proximate causation as that term is used at common law." Abrahams v. Young & Rubicam Inc., 79 F.3d 234, 237 (2d Cir. 1996).

[2] Although plaintiffs argue that American Express is undercut by the Supreme Court's recent decision in Bridge v. Phoenix Bond & Indemnity Co., 128 S. Ct. 2131 (2008), we do not agree. The civil RICO action in Bridge was brought by regular bidders at a county's auctions of tax liens, who alleged that the defendants, also regular bidders, were able to obtain a disproportionate share of valuable liens by lying to the county about their status as "related entities" in order to circumvent a rule that would otherwise result in a more equitable distribution of liens. Id. at 2135-36. Thus, the injury alleged in Bridge -- the plaintiffs' inability to obtain valuable liens to which they would otherwise have been entitled -- resulted directly from the fraudulent representations that constituted the racketeering activity.

[3] These considerations are: "(1) the factual difficulty of measuring indirect damages and distinguishing among distinct independent causal factors; (2) the complexity of apportioning damages among plaintiffs 'to obviate the risk of multiple recoveries'; and (3) the fact that 'the need to grapple with these problems is simply unjustified by the general interest in deterring injurious conduct, since directly injured victims can generally be counted on to vindicate the law.'" Smokes-Spirits, 541 F.3d at 440 (quoting Holmes, 503 U.S. at 269).

4

1   the basic defects in causation discussed above, nor provide a basis for overruling our clear prior

2   precedents.

3   For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
   DEPUTY CLERK

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

BY _____